# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF MICHIGAN
# GRAND RAPIDS DIVISION

IN RE:

    BRYAN MARSHALL FULLER          CASE NO. **11-07613-jrh**
    Debtor,                                       CHAPTER 7
                                                 JUDGE JEFFREY R HUGHES

FIA CARD SERVICES N.A.
Plaintiff,

v.

BRYAN MARSHALL FULLER,
Defendant,

### COMPLAINT TO DETERMINE THE NON-DISCHARGEABILITY
### OF DEBT TO FIA CARD SERVICES N.A.

The Plaintiff FIA Card Services N.A, formerly known as Bank of America, N.A., through its attorney Lawrence G Reinhold of Weinstein & Riley, P.S., states as follows:

### First Claim for Relief
### Non-Dischargeability of Debt

1.    This is a complaint to determine the dischargeability of certain indebtedness owed to FIA Card Services N.A. by Defendant BRYAN MARSHALL FULLER.  This complaint is filed pursuant to Federal Rule of Bankruptcy Procedure 7001(6).

2.    This Court has jurisdiction in this adversary proceeding pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334 since this proceeding arises in the above-captioned Chapter 7 case currently pending in this federal judicial district.  This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

3.    FIA Card Services N.A. was a National Banking Association at the time the debts were incurred was and is an FDIC insured institution.

4.    At all times mentioned, FIA Card Services, N.A. granted to BRYAN MARSHALL FULLER an extension of credit under an open end credit plan in the form of a credit card bearing Account No. xxxx-9502. A true and correct copy of the Statement of

Account is attached hereto and made a part of this Complaint.

5.      BRYAN MARSHALL FULLER utilized the aforementioned line of credit, which has a credit limit of $ 6,200.00, creating a balance due and owing on this account of $ 6,027.28, including interest as of the date of the entry of the Order for Relief.

6.      BRYAN MARSHALL FULLER did not schedule the debt as disputed.

7.      On May 6, 2011, 70 days before the entry of the Order for Relief, BRYAN MARSHALL FULLER obtained a cash advance on the account in the amount of $ 200.00 with fees of $ 10.00.

8.      On May 4, 2011, 72 days before the entry of the Order for Relief, BRYAN MARSHALL FULLER obtained a cash advance on the account in the amount of $ 200.00 with fees of $ 10.00.

9.      On April 10, 2011, 96 days before the entry of the Order for Relief, BRYAN MARSHALL FULLER obtained a cash advance on the account in the amount of $ 200.00 with fees of $ 10.00.

10.     From April 20, 2011, 86 days after the entry of the Order for Relief, through May 19, 2011, 57 days after the entry of the Order for Relief, BRYAN MARSHALL FULLER incurred 32 charges on the account for goods or services not reasonably believed to be reasonably necessary for the maintenance and support of BRYAN MARSHALL FULLER nor a dependent of BRYAN MARSHALL FULLER totaling $ 1,027.93 as set forth more fully in the Statement of Account.

11.     From April 10, 2011, 96 days after the entry of the Order for Relief, through April 14, 2011, 92 days after the entry of the Order for Relief,

BRYAN MARSHALL FULLER incurred an additional 7charges on the account for goods or services not reasonably believed to be reasonably necessary for the maintenance and support of BRYAN MARSHALL FULLER nor a dependent of BRYAN MARSHALL FULLER totaling$ 3,032.02 as set forth more fully in the Statement of Account.

12.     BRYAN MARSHALL FULLER set forth in the bankruptcy schedules monthly expenses in the amount of $ 1,205.00 and a net monthly income of $ 1,347.03, which leaves $ 142.03 each month for the payment of credit card and unsecured debt which totaled $ 86,994.84.

13.     BRYAN MARSHALL FULLER has listed $ 86,994.84 in credit card, line of credit and unsecured debt in the schedules.

14      From April 10, 2011, until the entry of the Order for Relief 96 days later, BRYAN MARSHALL FULLER made 1 payment on the account totaling $ 50.00 which represents 0.829 % [less than 1%] of the account balance of  $ 6,027.28 and 1.06% of the extenason of credit totaling $ 4,689.95.

15.     BRYAN MARSHALL FULLER did not use equity in real property to satisfy any portion of debt.

16.     BRYAN MARSHALL FULLER set forth in the schedules assets of $ 9,660.33 and liabilities of $ 89,012.84 which renders BRYAN MARSHALL FULLER insolvent pursuant to 11 U.S.C. § 101(32). *In Re Boydston*, 520 F.2d 1098, (5th Cir.1975).

17.     Each time that BRYAN MARSHALL FULLER used the FIA Card Services, N.A. credit card, BRYAN MARSHALL FULLER necessarily or concomitantly manifested either an actual or implied representation to repay the extension of credit. . *In re Rembert*, 141 F.3d

277, at p 281, (6th Cir. 1998).

18.     FIA Card Servcies, N.A.  justifiably relied upon BRYAN MARSHALL FULLER's representations of repayment because FIA Card Services, N.A. determined the credit worthiness of BRYAN MARSHALL FULLER prior to the extension of credit.

19.     FIA Card Services, N.A. was induced to lend money to BRYAN MARSHALL FULLER by the representations of repayment and has suffered damage in the amount of $ 4,689.94 and this reliance was the proximate cause of the loss suffered by FIA Card Services, N.A.

20.     By obtaining and or accepting an extension of credit from FIA Card Services, N.A. and incurring charges on this account, BRYAN MARSHALL FULLER did not have an intention to repay the $ 4,689.94 and BRYAN MARSHALL FULLER was cognizant of the fact that BRYAN MARSHALL FULLER did not have the ability nor intention to repay the debt in full to FIA Card Services, N.A..

21.      BRYAN MARSHALL FULLER therefore, had a specific intent to deceive FIA Card Services, N.A. by accepting the benefits of the extension of credit without ever intending to repay the same.

22.     By obtaining and or accepting an extension of credit from FIA Cars Services, N.A., BRYAN MARSHALL FULLER did not have an intention to repay the $ 4,689.94 and BRYAN MARSHALL FULLER was cognizant of the fact that BRYAN MARSHALL FULLER did not have the ability nor intention to repay the debt in full to FIA Card Services, N.A..

23.     By reason of the foregoing, BRYAN MARSHALL FULLER obtained money from

the FIA Card Services, N.A. through a material misrepresentation of the intention to repay the debt which as of the time the debt was incurred BRYAN MARSHALL FULLER knew to be false or which BRYAN MARSHALL FULLER made with gross recklessness as to its truth.

24. Pursuant to 11 USC § 523(a)(2), BRYAN MARSHALL FULLER obtained money, property,services, or any extension or renewal, or refinancing of credit by false pretenses, a false representation, or actual fraud and BRYAN MARSHALL FULLER should not be granted a discharge of this debt to FIA Card Services, N.A. in the amount of $ 4,689.94.

WHEREFORE, FIA Card Services, N.A. asks that this Court grant the following relief:

1. An order determining that such debt is non-dischargeable under 11 USC § 523(a)(2);

2. A judgment in favor of FIA Card Services, N.A. and against BRYAN MARSHALL FULLER in the amount of $ 4,689.94, plus accrued interest at the contractual rate from and after April 10, 2011, costs, and additional interest at the contractual rate, which will continue to accrue until the date of judgment herein;

\
3. Such other and further relief to which the plaintiff is entitled even if the plaintiff has not demanded that relief in this complaint.

                                                **WEINSTEIN & RILEY, P.S.**

Dated: October 5, 2011        /s/ *Lawrence G. Reinhold*
                                        **LAWRENCE G. REINHOLD**
                                        Attorney for FIA Card Services N.A.
                                        525 Rocky Hollow Drive
                                        Akron, Ohio 44313-5945
                                        (330) 869-2833
                                        facsimile number: (330) 869-2844
                                        lawrencer@w-legal.com
                                        Michigan Bar Number: P45594